IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES JEROME ROYSTER,

    Plaintiff,

v.

GARY MOHR, *et al.*

    Defendants.

Case No. 2:11-cv-1163

Judge Peter C. Economus

ORDER

    This matter is before the Court for consideration of Plaintiff's objections to the United States Magistrate Judge's March 6, 2013 Report and Recommendation (Dkt. 26).  Having reviewed the record *de novo*, the Court finds for the reasons set out below that the objections to the Report and Recommendation are without merit.  Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.  The Court also **DENIES** Plaintiff's third Motion to Appoint Counsel (Dkt. 32).

I.

    When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "must determine de novo any portion of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b).  After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

II.

Plaintiff James Jerome Royster, a state prisoner confined at the Chillicothe Correctional Institution ("CCI"), filed this action against four Ohio Department of Rehabilitation and Correction ("ODRC") employees in their individual and official capacities. Defendants are Director Gary Mohr, Warden Norm Robinson, Health Care Administrator Alice Ault, and physician Dr. Williams. Plaintiff asserted an Eighth Amendment claim under 42 U.S.C. § 1983, a claim under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12102(2), and a medical malpractice and/or negligence claim based on state law.

In the Report and Recommendation, the Magistrate Judge addressed the motion for judgment on the pleadings filed by Defendants Mohr, Robinson, and Ault. In a footnote to their motion, those Defendants argue that Defendant Williams was never properly served and should be dismissed from the case. The Report and Recommendation concluded that Plaintiff failed to serve Defendant Williams, but recommended that Plaintiff be given a twenty-eight day extension of time to serve him.

The Report and Recommendation recommended that the motion for judgment on the pleadings be granted as to the remaining three Defendants (Mohr, Robinson, and Ault). Specifically, the Report and Recommendation concluded that the Eleventh Amendment barred the section 1983 claims against those Defendants in their official capacities (and therefore that the Court had no subject-matter jurisdiction over those claims), that Plaintiff failed to state a claim as to the section 1983 claims against them in their individual capacities, that Plaintiff failed to state a claim against them in either their official or individual capacities under the ADA, and that the Court does not have jurisdiction over Plaintiff's state law claims at present.

**III.**

Plaintiff has objected to the Report and Recommendation on two grounds. First, he contends that Defendants Mohr, Robinson, and Ault had to file a Rule 12(b) motion to dismiss before answering the complaint and that by failing to do so, they waived their right to assert affirmative defenses in a Rule 12(c) motion for judgment on the pleadings. Second, he argues that the Report and Recommendation denied him due process by failing to consider requests for appointment of counsel - specifically arguing that he needs an attorney to locate and properly serve Defendant Williams.

Turning to the first objection, Plaintiff points to Federal Rule of Civil Procedure 12(h). That Rule provides as follows:

> (h) Waiving and Preserving Certain Defenses.
>
> (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>
> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
> (B) failing to either:
>
> (i) make it by motion under this rule; or
>
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
>
> (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

>> (A) in any pleading allowed or ordered under Rule 7(a);
>
> (B) by a motion under Rule 12(c); or
>
> (C) at trial.
>
> (3) Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Fed. R. Civ. P. 12(h).  The waivable defenses listed in Rule 12(b)(2)-(5) are lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process.  None of those defenses were raised by the three Defendants as to themselves.  Furthermore, Defendant Williams has not waived any of his defenses as he has not been properly served, has not filed anything, and has not participated in any way in this proceeding.

Regarding the defenses that the three Defendants raised in their own defense and that the Magistrate Judge relied on in his Report and Recommendation, those defenses are failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction.  Neither of those defenses can be waived under Rule 12(b)(h)(1).  "A defense or objection that is not raised by motion or in the responsive pleading is waived unless it is protected by the special provisions for the preservation of certain defenses in Rules 12(h)(2) or 12(h)(3)."  5B Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1347 (3d ed.) (citations omitted).  Rule 12(b)(h)(2) provides that failure to state a claim upon which relief can be granted may be raised by a motion under Rule 12(c) or in any pleading or at trial.  Defendants properly raised that defense in their Rule 12(c) motion.  Further, Rule 12(b)(h)(3) specifically provides that lack of subject-matter jurisdiction is not waivable and that the court must dismiss the action if it determines *at any time* that it lacks subject matter-jurisdiction.  Plaintiff's objection does not identify any defense that was waived prior to being asserted in the motion for judgment on the pleadings.

Included in Plaintiff's first objection is an assertion that Defendants improperly failed to file a Rule 12(b) motion to dismiss. It appears that Plaintiff may have been looking at the second half of Rule 12(b), which provides that "[a] motion asserting any of [seven enumerated defenses] must be made before pleading if a responsive pleading is allowed," and that he read that as requiring Defendants to file a Rule 12(b) motion prior to answering. However, the "seven enumerated defenses may be made by a single preliminary motion or by responsive pleading, whichever appears more advantageous to the party who wishes to assert the defense or defenses." § 1347 Presentation of Defenses and Objections—In General, 5B Fed. Prac. & Proc. Civ. § 1347 (3d ed.) (citations omitted).

Plaintiff's second objection argues that the Report and Recommendation denied him due process by failing to consider requests for appointment of counsel—specifically arguing that he needs an attorney to locate and properly serve Defendant Williams. Plaintiff has filed three motions to appoint counsel. The first two motions were filed and denied prior to the filing of the motion for judgment on the pleadings. Neither of those motions were before the Court when it issued the report and recommendation, and the denial of those motions cannot be addressed in an objection to the report and recommendation. The most recent motion to appoint counsel was filed after Defendants responded to Plaintiff's objection to the report and recommendation, and that motion is pending and will be addressed in section IV below.

To the extent that Plaintiff's objection is not meant to target the motions to appoint counsel but instead targets the recommendation that Defendant Williams be dismissed unless Plaintiff is able to serve him within 28 days, that objection still fails. Plaintiff argues that he does not have the ability to find Dr. Williams. Plaintiff pointed out that even Defendants claim they cannot find Dr. Williams, and that Plaintiff is pro se. However, as the Magistrate Judge

noted, Plaintiff's pro se status does not relieve him of his obligation to effect service properly. *Becker v. Warden Ross Corr. Institution*, 2:05-CV-908, 2006 WL 2869567, *3 (S.D. Ohio Oct. 5, 2006) (citations omitted).  Plaintiff does not object to the Magistrate Judge's conclusion that Plaintiff failed to properly serve Dr. Williams.  Proper service is required.  Accordingly, Plaintiff's objection, at best, could be read as a objecting to the 28-day grace period as being too short.  However, in light of the fact that Plaintiff presents no discussion of what time period would be appropriate; in light of the fact that Plaintiff has had additional time during the pendency of the Report and Recommendation; and in light of the fact that no grace period is required at all, the Court finds that a 28-day grace period is generous.  Plaintiff's objections to the Report and Recommendation are without merit.

**IV.**

Plaintiff has filed a third motion to appoint counsel that is now pending.  This Court "has discretion to appoint counsel for an indigent civil litigant." *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (citing 28 U.S.C. § 1915(e)(1); additional citations omitted). However, this potential appointment of counsel is not a constitutional right for civil litigants, but rather a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) *cited in Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).  Counsel should not be appointed when Plaintiff's claims are frivolous or the chances of success are very low. *Richmond v. Settles*, 450 F. App'x 448, 452-53 (6th Cir. 2011) (citations omitted).

Here Plaintiff explains that he needs an attorney's help because of his physical limitations and pain.  However, as discussed above, his claims against the three Defendants who have been served are being dismissed at this time.  In addition, if Plaintiff is able to serve Defendant

Williams, most of Plaintiff's claims against Dr. Williams will be dismissed for the same reasons as the claims against the other three Defendants.  The one exception is Plaintiff's Eighth Amendment claim against Dr. Williams in his individual capacity, which was dismissed against the other three for failure to allege personal involvement.  While Plaintiff did allege personal involvement by Dr. Williams, it is still unlikely that Plaintiff's allegations will successfully state a claim against Dr. Williams because of the apparent absence of factual allegations demonstrating that Dr. Williams' actions rise to the level of deliberate indifference.

To establish an Eighth Amendment violation, a prisoner must show that he or she has a serious medical condition and that the defendants displayed a deliberate indifference to his or her health.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Wilson v. Seiter*, 501 U.S. 294 (1991).  This formulation has both a subjective and an objective component.  As to the subjective element, in *Farmer v. Brennan*, 511 U.S. 825, 839 (1994), the Court adopted "subjective recklessness as used in the criminal law" as the appropriate definition for deliberate indifference.  It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.... " *Id*. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion.  *Id*.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*. at 844.

In Plaintiff's complaint, he alleged that the staff at the Ohio State University Hospital recommended that Plaintiff be given a Transcutaneous Electrical Unit (TENS Unit) for treating his condition (to alleviate pain, cause muscle contractions to hold the joints in place as a brace might, and to assist the user in moving his limbs).  (Dkt. 3 at ¶¶ 22–24.)  He alleged that the

TENS Unit was broken beyond repair due to no fault of his own.  (*Id*. at ¶ 26.)  He alleged that Defendant Williams confiscated the TENS Unit and told Plaintiff that it would not be replaced.  (*Id.* at ¶ 35.)  According to the Complaint, "Dr. Williams prescribed a Pain Management Drug 'Moloxicam', for the replacement treatment of [Plaintiff]."  (*Id*. at ¶ 36.)  While the Complaint states that Meloxicam is widely prescribed for back pain, it alleges that Meloxicam is "potentially fatal" for a patient like Plaintiff.  (*Id.* at ¶ 37.)  There are no allegations that Defendant Williams knew of any conditions that Plaintiff had that would make Meloxicam potentially fatal and, to the contrary, Plaintiff alleged that the Department of Rehabilitation and Corrections has never checked into his medical history.  (*Id*. at ¶ 38.)  Typically, failure to check medical history records constitutes negligence at most, which does not rise to the level of deliberate indifference.  *Sanderfer v. Nichols*, 62 F.3d 151, 155 (6th Cir. 1995).  Accordingly, while the Court does not find Plaintiff's claim against Defendant Williams to be frivolous, the chances of success appear to be very low.  Therefore, counsel should not be appointed at this time.

### V.

For the reasons stated above, petitioner's objections (Dkt. 28) are **OVERRULED.**  The Magistrate Judge's Report and Recommendation (Dkt. 26) is **ADOPTED** and **AFFIRMED**.  Judgment on the pleadings is granted in favor of Defendants Mohr, Robinson and Ault.  Plaintiff is granted 28 days from the date of this order to effect service on Dr. Williams.  Also for the reasons stated above, Plaintiff's third Motion to Appoint Counsel (Dkt. 32) is **DENIED**.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE